UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BDE WARREN, LLC,

        Plaintiff,                      Case No. 22-cv-10913

v.                                     HON. MARK A. GOLDSMITH

CITY OF BERKLEY,

        Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Dkt. 17)**

On October 31, 2023, the Court re-opened the period for submission of dispositive motions in this case. See 10/31/23 Order (Dkt. 16). Defendant City of Berkley filed a timely motion to dismiss on January 2, 2024. See Mot. (Dkt. 17). Plaintiff BDE Warren, LLC did not file a response to the motion within 21 days—or by January 23, 2024—as required by Local Rule 7.1(e)(2)(A). On February 9, 2024, the Court ordered BDE to file a response to Berkley's motion to dismiss on or before February 19, 2024, which BDE failed to do. See 2/9/24 Order. The Court's order stated that if BDE did not file a timely response, the Court would proceed to decide the motion. Id.

The Court has reviewed Berkley's motion to dismiss and finds that it should be granted.[1] In 2020, BDE submitted an application to operate a marihuana business in

---

[1] To survive a motion to dismiss, a plaintiff must allege "facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court is required to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471,

1

Berkley, which was denied. Compl. ¶¶ 22–24 (Dkt. 1). According to BDE, Berkley initially published a Marihuana Business Allowable Location Map which depicted a "Green Zone" where marihuana businesses could be established. Id. ¶ 11. Relying on this map, BDE secured an interest in property within the Green Zone. Id. ¶ 13. Berkley later released a point scoring matrix which awarded extra points to some, but not all, properties in the Green Zone. Id. ¶ 20. BDE's property was in the section of the Green Zone that did not receive the maximum number of points available. Id. ¶¶ 21, 23. BDE alleges that Berkley's adoption of the point scoring matrix effectively rezoned BDE's property, arbitrarily making it impossible for BDE to receive a license. Id. ¶¶ 24, 28.

BDE brought claims against Berkley for (i) de facto taking/inverse condemnation and (ii) a violation of the Michigan Zoning Enabling Act (ZEA), Mich. Comp. L. § 125.3101 et seq. Id. ¶¶ 25–36. Berkley filed a motion to dismiss, arguing that BDE Warren (i) lacks standing to bring this action and has failed to establish a property interest in a Berkley marihuana license and (ii) has failed to show that Berkley violated the ZEA. See Mot. For the following reasons, the Court grants Berkley's motion to dismiss.

Berkley is correct that BDE has not properly alleged standing. To establish standing, Plaintiffs must demonstrate that (i) they "have suffered an injury in fact . . . which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical"; (ii) there is "a causal connection between the injury and the conduct complained of"; and (iii) it is "likely . . . that the injury will be redressed by a favorable

---

476 (6th Cir. 2007). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief. Id.

decision." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–561 (1992) (punctuation modified). Here, BDE cannot establish an "injury in fact" because, as a first-time applicant, BDE did not have a constitutionally protected property interest in a Berkley marihuana license. See Shamie v. City of Pontiac, 620 F.2d 118, 120 (6th Cir. 1980) (stating that first-time license applicants are "not normally entitled even to minimal due process" under Michigan law) (punctuation modified).

Further, BDE has not properly alleged a violation of the ZEA. BDE argues that "[b]y effectively rezoning [BDE's property] without following the procedures set forth under [the ZEA], the City plainly violated state law." Compl. ¶ 35. But BDE fails to provide any further details regarding how this action violated the ZEA. The Court does not view Berkley's adoption of a scoring matrix as an effective rezoning. The scoring matrix offers reasonable criteria for narrowing down applicants when there are more qualified applicants than there are licenses available. As Berkley correctly notes, the Michigan Court of Appeals has held that a municipality is permitted to craft marihuana zoning criteria suited to its own local concerns. See Yellow Tail Ventures, Inc. v. City of Berkley, 1 N.W.3d 860, 867 (Mich. Ct. App. 2022).

For these reasons, the Court grants Berkley's motion to dismiss (Dkt. 17) with prejudice. The case is closed.

SO ORDERED.

Dated: April 17, 2024  s/Mark A. Goldsmith
 Detroit, Michigan MARK A. GOLDSMITH
United States District Judge

3